**HIRSCHMAN et al. v. FORSTER et al.**

No. 6429—Opinion Filed June 20, 1916.

(158 Pac. 1177.)

**Judgment—Default Judgment—Vacation—Insufficiency of Pleading.**

Where a judgment rendered upon default is wholly without the pleadings, or, if within the pleadings, is so by reason of a supplemental pleading filed without notice at any time to the adverse party, and which substantially changes the original claim, such judgment is void, and may be set aside upon proper proceedings at any time, by any person affected thereby, without a valid defense to the action being shown.

(Syllabus by Burford, C.)

Error from District Court, Muskogee County; R. P. de Graffenried, Judge.

Action in which a trust in land was declared in favor of Emma T. Forster against Mary Ingram. Petition by F. W. Hirschman and another, successors in interest of defendant Mary Ingram, to vacate judgment. From a judgment sustaining a demurrer to the petition, petitioners appeal. Reversed with directions to overrule demurrer.

D. W. Fulton and B. Broaddus, for plaintiffs in error.

N. B. Maxey, for defendants in error.

Opinion by BURFORD, C. On March 12, 1903, the plaintiff, Emma T. Forster, filed in the United States District Court for the Indian Territory her bill in equity against Mary Ingram, the Creek or Muskogee Tribe of Indians, the Secretary of the Interior, and the city of Muskogee. The bill alleged, in substance, that pursuant to the laws in force in the Indian Territory, the town-site commission for the town of Muskogee had set apart to the plaintiff lot 3 in block 245 in the city of Muskogee; that plaintiff was the owner of the improvements thereon at the time said lot was scheduled to her, and that she had made various payments thereon, required by the rules and regulations then in force; that as said lot was first laid out and appraised the street ran along the western boundary of the lot, but that thereafter the town-site commission, without any notice to her, arbitrarily moved said street some 50 feet west of the western boundary of the tract scheduled to Emma T. Forster, leaving a space between the boundary of the land scheduled to her and the new street, which said space had been scheduled to Mary Ingram; that such action left the plaintiff, Emma T. Forster, without access to any street, and her lot was bounded by no public way, except an alley; that she had

sought relief, both from the town-site commission, and the Secretary of the Interior, the Indian Inspector, and the city council of the city of Muskogee, each of whom had refused relief, and that by reason of the fact that said town-site commission laid out said lot 3, block 245, with the street running along the western boundary of said lot, and scheduled the same to the plaintiff, and that the government received plaintiff's payments as required by law, she thereby acquired a vested right in said lot and the street as it then was, and that neither the town-site commission nor any one else had any power to change said street to the detriment of the plaintiff, without her consent, or without compensating her for the damage done to her property. The petition concluded:

"The premises considered, plaintiff prays that the Chief of the Creek Nation and the Indian Inspector representing the Secretary of the Interior be enjoined from issuing a deed to the said Mary Ingram to any part of lot 3, block 245, and that the city of Muskogee be required by proper process to place said street back where it was, or compensate plaintiff for the damages done, or that the court order said lots appraised and compel the defendant Mary Ingram to purchase the plaintiff's right or sell to plaintiff, or the court order said lot sold and the proceeds divided between the parties according to the equities of the case, and for such other relief in the premises as the court shall seem meet and equitable in the premises."

Upon this bill a summons was issued and personally served on Mary Ingram, who did not answer or otherwise plead. On March 16, 1908, nothing having meanwhile been done in the action, plaintiff filed a petition for leave to file a supplemental bill, and on the same day filed such supplemental bill, which alleged that since the filing of the original bill Mary Ingram had taken possession of the strip of ground therein described, and was claiming the same as her own, and that since the filing of the original bill a deed or patent had been issued to said land to Mary Ingram, which had been approved by the Secretary of the Interior. It was again alleged that the plaintiff's property had been greatly injured by the moving of the said street, and that plaintiff had placed improvements on her property which she would not have placed there had she known that the street was to be moved. The bill concludes with a prayer that Mary Ingram be decreed to hold the title to said property in trust for the plaintiff, and that the plaintiff be decreed to be equitable owner of said strip of land, and that Mary Ingram be required to convey the same to her, or in default of conveyance that the master in chan-

cery execute a deed. The supplemental bill contains the following allegation:

"The Chief of the Creek Nation and the Secretary of the Interior executed and delivered to the defendant, Mary Ingram, a deed or patent to a strip of ground across the west end of lot 3 in block 245, which had formerly been listed and appraised to your orator, and she had paid one-fourth of the appraised value thereon. and all that was due. under the law, at that time. which is fully set out in her complaint."

Thereafter, on November 9, 1910, the action having been dismissed as to all the defendants, except Mary Ingram, the district court of Muskogee county, which had succeeded to jurisdiction over the case at statehood in November, 1907, entered a final decree, in which it was found that Mary Ingram had been personally served with process, and was in default, and that the court had jurisdiction of the parties and the subject-matter; that prior to the 16th day of August, 1900, the plaintiff, Emma T. Forster, was the owner of the improvements, and had the right of occupancy to lot 3, block 245, as bounded and described by the official plat as surveyed and platted by the town-site commission, and that under law she was entitled to have said lot 3, block 245, scheduled to her; that the town-site commission thereafter did schedule to Emma T. Forster all of lot 3, block 245, and issued its certificates that she had paid the amount required by law. The court then found as follows:

"The court further finds that thereafter, on the 12th day of August, 1901, without notice to the said Emma T. Forster, and without warrant of law, the said town-site commission for the Town of Muskogee, arbitrarily cut off a part of said lot fronting on Fifth Street about 85 feet by 140 feet, and scheduled the same to the defendant Mary Ingram, which cut off the part left for the plaintiff without any street on either side of it.

"The court further finds that the plaintiff protested against having her lot cut off and any part being listed to Mary Ingram, or any one else, and insisted on paying the entire lot and perfecting her title to the entire lot, but that the officers of the United States government in charge refused to receive payment from the plaintiff for that part cut off and listed to Mary Ingram, but permitted the said Mary Ingram to pay the appraisement, and on the 11th day of May, 1905, executed a deed to said Mary Ingram to that part of lot 3, block No. 245, so cut off and scheduled to her. which deed was approved by the Secretary of the Interior on June 27, 1904."

The court then finds that this action of the commission was without authority of law, and orders and decrees that the title of the property deeded to Mary Ingram "be and the same is hereby divested out of the said Mary

Ingram and all persons claiming by, through, or under her, and vested in the plaintiff, Emma T. Forster." Thereafter, in January, 1913, the plaintiffs Tucker and Hirschman filed their petition to set aside and vacate said judgment, upon which petition a summons was issued.

The plaintiff alleges that Tucker was the grantee of Mary Ingram to her rights in said lot, and that Hirschman held a mortgage to said property executed by Tucker; that Mary Ingram had no notice, by summons or otherwise, of the filing of the supplemental bill, nor had she entered her appearance or consented thereto; that the court had no jurisdiction of the subject-matter of the action; that the facts set out in the original and supplemental bill did not entitle the plaintiff to the relief given by the final decree, or to any relief; and that the final decree was obtained by fraud. To this petition a demurrer upon numerous grounds was filed by Emma T. Forster, and, after consideration by the court, was sustained, from which ruling the petitioners, Tucker and Hirschman, appeal to this court.

We are confronted at the outset with a motion to dismiss upon the ground that the action is brought here by transcript, and that the petition to set aside and vacate the judgment was in reality a motion, and that, not having been made a part of the transcript by bill of exceptions, it is not before us for review. It appears that the pleading filed was denominated a petition, that a summons was issued thereon, and that the defendant in error filed a demurrer thereto, which was sustained. There could, of course, be no demurrer to a motion, and it thus appears that all parties in the court below treated the pleading by plaintiffs in error as a petition. Under the well-settled rule of this court, having assumed that position in the court below, they will not be allowed to change it here. As a petition, the pleading was clearly a part of the judgment roll, and is therefore properly before us on the certified transcript.

Passing to the merits of the case, it will be seen from an examination of the original and supplemental bills that the original bill clearly set out that the tract of land scheduled to Mary Ingram was not a portion of the tract scheduled to Emma T. Forster, as it clearly alleged that, as originally platted and scheduled to Emma T. Forster, the street ran along the western boundary of her lot, but that said street was moved further west, and that it was the space left by the removal of the street which was scheduled to Mary Ingram. In the decree, however, rendered

upon default it was found that the tract scheduled to Mary Ingram was a part of the lot scheduled to Emma T. Forster, and this fact is apparently the basis of the court's finding that the action of the town-site commission was illegal, by reason of which the property of Mary Ingram is taken and vested in Emma T. Forster.

The members of this division of the Commission are somewhat in doubt as to whether or not the allegation of the supplemental bill that the Creek Nation deeded to Mary Ingram "a strip across the west end of said lot 3 in block 245, which had formerly been listed and appraised to your orator," is a sufficient allegation, construing the bill strictly against the pleader, that the tract listed to Mary Ingram was a part of the tract originally listed to Emma T. Forster. However this may be; we are convinced that the judgment rendered by the trial court was absolutely void, taking the allegations of the petition to vacate as true, as we must on demurrer, for the following reasons:

First. There was no notice of the filing of the supplemental bill given to Mary Ingram. Section 4795. Rev. Laws 1910, being the same as in force at the time of the filing of the supplemental bill, provides as follows:

"Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

Second. If it be taken that the supplemental bill does not change the allegations of the original bill, and that it does not allege that the strip of land patented to Mary Ingram was a portion of that originally scheduled to Emma T. Forster, then the finding and judgment of the trial court are entirely outside of the pleadings and are void. Thraves v. Greenlees, 42 Okla. 764, 142 Pac. 1021; Rogers, Treas., v. Bass & Harbour, 47 Okla. 786, 150 Pac. 706; Anglea v. McMaster. 17 Okla. 501, 87 Pac. 660.

Third. If it be taken that the supplemental bill alleges that the strip patented to Mary Ingram was a part of that originally listed to Emma T. Forester, even if the supplemental bill could be treated as an amendment to the original bill, which we do not decide, then the allegations of the supplemental bill clearly and substantially change the claim of the original bill, and under section 4790, Rev. Laws 1910, being the same law as in force at the time of the filing of the supplemental bill, such an amendment could not be permitted.

This especially in view of the fact that Mary Ingram had no notice thereof. The original bill did not seek to have Mary Ingram declared a trustee for Emma T. Forster; it did not allege any facts which would justify the taking of Mary Ingram's property for the benefit of Emma T. Forster; it certainly did not allege that the strip patented to Mary Ingram was a part of that previosuly scheduled to Mary T. Forster, but alleged quite the contrary. The supplemental bill taken in the sense above set out presents an entirely different state of facts, and asks for an entirely different decree. It was a distinct and separate cause of action from that set out in the original bill, and a judgment rendered under such an amendment is void. In Jefferson v. Gallagher. 56 Okla. 405, 150 Pac. 1071. this court said:

"The first fundamental requisite to the validity of a judgment is that it should have been rendered by a court having jurisdiction. for without jurisdiction the courts can do nothing, and a judgment rendered without jurisdiction is a mere nullity. The jurisdiction required is of three sorts: (1) Jurisdiction of the parties; (2) jurisdiction of the general subject-matter; (3) jurisdiction of the particular matter which the judgment professes to decide."

Under the state of facts assumed for this portion of the discussion the court, in the first place, had no jurisdiction of the person of Mary Ingram, for the reason that she had been given no notice of the filing of the supplemental bill. And, furthermore, we think it could hardly be said that one who is summoned to answer to a certain cause of action, and defaults, is in court for the purpose of the determination of an entirely different and distinct cause of action. If this were true, one might be summoned to answer to a suit upon a promissory note, and yet be held to be in court for the purpose of a judgment or decree that the amount of such note was a lien upon the real estate of the defendant. In the case at bar Mary Ingram might well have been willing that the street might be moved back to its original location, or that the property should be sold by her to Emma T. Forster, or by Emma T. Forster to her, or that the whole should be sold and the proceeds divided, or that the city of Muskogee should be mulcted in damages, and yet be unwilling to default a petition which would take the property in question away from her without compensation or the substitution of other property for it.

Nor did the court have jurisdiction of the particular subject-matter of the action, for the reason that under the allegations, as we are now assuming them, as above stated. even

if treated as an amendment, the allegations of the supplemental bill brought into the action a new claim which the court was not justified in allowing, and which he had no jurisdiction to consider in that action.

For these reasons we are convinced that the judgment of the trial court was void. As such under our statute it might be set aside at any time by any party in interest, and it is not necessary in such a case that the petitioner should allege a valid defense to the action. Hanson v. Walcott, 19 Kan. 207; Wheatland Grain & Lbr. Co. v. Dowden, 26 Okla., 441, 110 Pac. 898.

The judgment of the trial court should be reversed, with directions to overrule the demurrer to the petition to vacate by Hirschman and Tucker, and to grant them a hearing thereon.

By the Court: It is so ordered.