## SOUTHERN SURETY CO. v. PATTERSON STEEL CO.

No. 15459—Opinion Filed June 23, 1925.

**1. Action—Joinder of Causes—Requisites.**

Courts of law will not take cognizance of distinct and separate claims or liabilities of several persons in one suit though standing in the same relative situation. As a general rule, in order to authorize a joinder, the causes must affect the different defendants in such manner as to create a joint or common liability.

**2. Same—Joining Different Causes Against Different Defendants.**

A cause of action in favor of the plaintiff against one defendant cannot be united with · another cause of action in favor of the same plaintiff and against another defendant where neither defendant is interested in the cause of action alleged against the other. ·

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5. ..

Error from District Court. Tulsa County; W. B. Williams, Judge.

Action by Patterson Steel Company against A. C. Bancroft and the Southern Surety Company to recover a money judgment. Judgment for plaintiff against defendant Southern Surety Company, and the surety company appeals. Reversed and remanded.

E. F. Cadwell, for plaintiff in error.

Hunt & Eagleton, for defendant in error.

Opinion by FOSTER, C. This was an action brought by the defendant in error, Patterson Steel Company, a corporation, as plaintiff, against the Southern Surety Company, a corporation, plaintiff in error, and A. C. Bancroft, as defendants, in the district court of Tulsa county, to recover under three causes of action, incorporated in a second amended petition and supplemental cause of action filed by the defendant in error in said action. Parties will be hereinafter referred to as they appeared in the trial court.

A demurrer was interposed by the defendant, Southern Surety Company, to the second amended petition and supplemental cause of action of the plaintiff, heard and overruled, and the defendant, Southern Surety Company, appeals to review the judgment of the lower court overruling its demurrer and entering judgment against it for the sum of $2,119.85.

The defendant Bancroft did not appear nor contest in any manner the claims of the plaintiff as to him.

The facts necessary to be considered in order to dispose of the legal propositions involved are substantially as follows:

A. C. Bancroft, on the 12th day of January, 1923, made, executed, and delivered to the plaintiff his promissory note for the sum of $1,500, due and payable 90 days thereafter.

Beginning on January 1, 1923, until August 23, 1923, the plaintiff sold and delivered to Bancroft, goods, wares. and merchandise, consisting of steel supplies of the total value of $7,349.67.

On August 23, 1923, after allowing Bancroft credit for various sums theretofore paid by him to apply on said account which were received and credited between February 22, 1923, and July 30, 1923, there remained a balance due and unpaid of $1,564.74.

On the 19th day of April, 1923, the said Bancroft entered into a contract with Tulsa county for the construction of a bridge over Willow Springs branch, near Willow Springs schoolhouse. This contract, by subsequent agreement of the parties entered into on July 9, 1923, was extended so as to provide for the construction of various other Willow Springs bridges not embraced in the original contract, but which were fully set out in an order of extension made and entered of record by the board of county commissioners of Tulsa county on the 9th day of July, 1923.

A statutory bond was executed by Bancroft to Tulsa county to guarantee the payment of all indebtedness incurred in the performance of his original contract with Tulsa county for the construction of the certain bridge over Willow Springs branch near Willow Springs schoolhouse, and this bond, by stipulation of the Southern Surety Company, dated and executed August 16, 1923, was extended and its terms made to apply to indebtedness incurred by Bancroft in the construction of additional culverts and bridges provided for in the extension agreement of April 19, 1923.

Suit was originally filed by the plaintiff against Bancroft on August 24, 1923, to recover on said promissory note, a copy of the note being attached to its petition.

On August 27, 1923, an amended petition was filed in which there was joined with its cause of action for a recovery on the note, a cause of action against Bancroft for the balance alleged to be due it for goods. wares, and merchandise consisting of steel supplies sold and delivered to him from January 1, 1923, to August 23, 1923, in the sum of $1,564.74. On November 30, 1923, an order was made by the trial court making the Southern Surety Company a party defendant and giving the plaintiff leave to file its second amended petition and supplemental cause of action, pursuant to which summons was issued and served upon the Southern Surety Company and it was brought into the case. There were three causes of action incorporated in the second amended petition and supplemental cause of action.

The first two causes of action were the same as they appeared in the first amended petition, and the third cause of action sought to recover the sum of $2,119.85, of the Southern Surety Company upon its statutory liability as surety in the bond executed by it to Tulsa county, a copy of which bond and an extension thereof, together with itemized statement of materials furnished Bancroft by the plaintiff from May 29, 1923, to July 16, 1923. of the value of $2,119.85, and used by him in the construction of the Willow Springs bridges were attached to the petition.

The demurrer interposed by the defendant Southern Surety Company and overruled by the trial court is as follows:

"Comes now the Southern Surety Company, a corporation, and demurs specially and generally to the second amended petition and supplemental cause of action of the plaintiff herein, and for grounds of objection states: First: That this court had no jurisdiction of the person of the Southern Surety Company or the subject of the third cause of action designated in plaintiff's petition as supplemental cause of action for the reason that it contains no allegations of fact occurring after filing of the original petition herein. Second: That several causes of action are improperly joined as the said petition shows on its face that the Southern Surety Company has no interest in the first and second causes of action and that the third cause of action is improperly joined with the remaining paragraph of said petition."

We think it clear that if the nature of the case as disclosed here was such that the

defendant Southern Surety Company could properly have been joined as a defendant in the first instance, by reason of its connection with the original transaction, the court acquired jurisdiction of the person of the defendant and of the subject-matter of the third cause of action by virtue of the order of the trial court making the Southern Surety Company a party defendant and giving the plaintiff leave to file its second amended petition and supplemental cause of action.

If, on the other hand, the plaintiff's second amended petition brings into the case a new cause of action which did not arise out of the same transaction or transactions connected with the same subject-matter on which the original action was based, it is clear that the trial court could not acquire jurisdiction in the action to render any judgment or order affecting the defendant Southern Surety Company.

In Hirschman v. Foster, 59 Okla. 178, 158 Pac. 1177, our court said:

"Nor did the court have jurisdiction of the particular subject-matter of the action, for the reason that under the allegations, as we are now assuming them, as above stated, even if treated as an amendment, the allegations of the supplemental bill brought into the action a new claim which the court was not justified in allowing, and which it had no jurisdiction to consider in that action."

A correct solution therefore, of the question here presented, turns on whether or not the nature of the case under consideration is such as to admit the joining of the cause of action against Bancroft and the Southern Surety Company in the first instance. In determining this question, we must be guided by the allegations as they appear on the face of the petition.

Section 266, Comp. St. 1921, provides as follows:

"The plaintiff may unite several causes of action in the same petition whether they be such as have heretofore been denominated legal or equitable or both, where they all arise out of any one of the following classes: First: The same transaction or transactions connected with the same subject of action * * * but the causes of action so united must all belong to one of these classes and must affect all the parties to the action except in actions to enforce mortgages or other liens."

There is nothing in the second amended petition from which it can be inferred that the transaction for the construction of the bridge across Willow Springs branch, and extensions thereof on which liability against the surety company is predicated, originated in or had any connection with the transaction

by which the Patterson Steel Company was furnishing steel to A. C. Bancroft as set forth in the second cause of action of the first amended petition. In that transaction, the Patterson Steel Company obviously was not selling steel to the defendant, Bancroft, for use in the construction of the Willow Creek bridge, but was selling steel to him for general purposes, wherever he might have use therefor.

The creation of the primary liability of Bancroft to the Patterson Steel Company therefore had no connection with the liability of the Southern Surety Company under its bond.

It is true that plaintiff alleged in its petition that the materials used in the building of the bridges constituted a part of the indebtedness contracted by Bancroft with the plaintiff in the inception of the transaction between it and Bancroft, but the mere existence of an indebtedness from Bancroft cannot form the basis of a common liability against both Bancroft and the surety company, where the transaction out of which the indebtedness arose was not connected in any way with the transaction on which the liability of the Southern Surety Company arises.

To hold otherwise would be to establish a basis of joint action on the sole and only ground that all of the defendants were indebted to the plaintiff. There must be something more than the common relation of debtor and creditor to authorize the joinder. The fact that some materials furnished Bancroft by the plaintiff under the general arrangement entered into with him some five months prior to the date of the contract between Bancroft and Tulsa county for the construction of the Willow Creek bridges were used in the construction of such bridges was not the result of any design of the parties, and cannot form the basis of a common liability between Bancroft and the Southern Surety Company growing out of the same transaction or transactions as contemplated by section 266, Comp. St. 1921.

We think the contract for the construction of the Willow Springs bridges related to a transaction entirely distinct and separate from the transaction in which the liability of Bancroft to the plaintiff arose in the first instance, and that a cause of action against Bancroft and a cause of action against the Southern Surety Company could not properly be united in the same action.

The itemized account of materials furnished under the Willow Springs contract shows that the first delivery of materials, charged in that account, was made five months after the first delivery of the mer-

chandise charged in the open account carried by Bancroft with the plaintiff, and which forms the basis of the second cause of action, and that debit entries were made in said open account during the entire time the material was being furnished and charged in the special Willow Springs account, and that the plaintiff continued to deliver merchandise and make debit entries in said open account for a period of five weeks after the last material was furnished on the Willow Springs account.

There is not the remotest connection shown between the promissory note which forms the basis of the first cause of action and the items charged in the Willow Springs account.

In First National Bank of McLoud v. City National Bank of Wellington, Tex., et al., 71 Okla. 52, 175 Pac. 253, it is said, in the syllabus:

"* * * As the proposed amendment did not affect all the parties to the action as required in section 4738, Rev. Laws, and as the two causes of action could not have been united in action, the court did not err in refusing leave to file the amendment."

In R. C. L., vol. 1, page 364, it is said:

"It is generally a prerequisite to the joinder of causes of action that all of the causes should affect all of the parties to the action; both parties defendant and parties plaintiff. And courts of law will not take cognizance of distinct and separate claims or liabilities of several persons in one suit, though standing in the same relative situations."

In Brown v. Williams, 24 Okla. 308, 103 Pac. 588, this court said, speaking through Mr. Justice Turner, quoting with approval from Miller v. Northern Bank of Miss., 34 Miss. 412:

"A man cannot in the same action sue two or more persons upon a joint contract, and one of them upon a separate and distinct liability."

In Bryan v. Sullivan, 55 Okla. 109, 154 Pac. 1107, this court approved the following statement from the Supreme Court of Kansas:

"A cause of action in favor of the plaintiff against one defendant cannot be united with another cause of action in favor of the same plaintiff and against another defendant, where neither defendant is interested in the cause of action alleged against the other."

It is true the general rule obtains that it is not necessary that, under the statute, all the parties should be affected equally, so long as the parties joined in the suit have an interest in the common point of litigation. Bryan v. Sullivan, supra.

If the plaintiff had furnished supplies to Bancroft only for use in the construction of the Willow Springs bridges, then in our view of the case the defendant and Bancroft would have been interested in common, and if, by reason of some provision in the bond contract, or otherwise, the surety company could not be held liable for the entire amount of goods, wares, and merchandise furnished by the plaintiff to Bancroft, causes of action against each could still be united in the same action, although the two defendants might not be equally affected. Hixon v. Cupp. 5 Okla. 545, 49 Pac. 927.

We therefore conclude that the trial court erred in overruling the demurrer of the defendant to the second amended petition and supplemental cause of action filed by the plaintiff. The cause is therefore reversed and remanded, with directions to the trial court to set aside its judgment herein and to sustain said demurrer.

By the Court: It is so ordered.

Note.—See under (1) 1 C. J. p. 1098, § 262; (2) 1 C. J. p. 1098, § 262.