### COMAR OIL CO. v. SIPE.

No. 18448. Opinion Filed Nov. 20, 1928.

Koerner, Fahey & Young, W. M. Bowles, and Louis B. Woodson, for plaintiff in error.

T. J. Sargent and Irving D. Ross, for defendant in error.

MASON, V. C. J. The parties will be referred to as they appeared in the trial court, inverse to their order here.

Prior to the filing of the instant action, the plaintiff, Sipe, and others recovered joint and several judgments in the district court of Noble county against the Comar Oil Company, defendant herein, and nine other oil companies for $18,500, growing out of the pollution of Bird's Nest creek, which flows through the Tonkawa oil fields, and through the farms of said parties. Bird's Nest creek flows through the northeast corner of the 160-acre farm of Sipe, and his recovery therein was for the permanent damage of 56 acres of said farm located adjacent to said creek. Plaintiff, in that action, which was the consolidation of two original cases— one for injunctive relief and one for damages—filed an amended petition on September 27, 1924. The judgment in that case

was later affirmed on appeal by this court. Comar Oil Co. v. Hackney, 119 Okla. 285, 250 Pac. 93.

In the instant action, the plaintiff, Sipe, sued to recover damages for the permanent injury of certain pasture land on the west side of his farm through which a small stream, designated as Pasture creek, flows and which had been polluted by base sediment, salt water, and refuse oil, permitted to escape from the oil lease of the Comar Oil Company located in the watershed of Pasture creek above the plaintiff's farm. It appears that this company operated the only oil lease in said watershed. These operations, and the damages resulting therefrom, did not accrue until about a year after the damages complained of in the former suit. The instant action by Sipe against the Comar Oil Company was commenced on the 17th day of September, 1925. Defendant made various defenses, none of which are involved in this appeal, except that of res judicata. Upon trial of the case, judgment was rendered for the plaintiff in the sum of $3,000, from which the defendant appeals.

For reversal of said judgment, it is first contended that the judgment in the first suit is an adjudication, not only as to every question, issue, and fact which was presented, but also upon those which might have been presented. Counsel rely upon the following cases: Alfrey v. Colbert. 44 Okla. 246, 144 Pac. 179; Norton v. Kelley, 57 Okla. 222, 156 Pac. 1164; Cressler v. Brown, 79 Okla. 170, 192 Pac. 417; Baker v. Vadder, 83 Okla. 140, 200 Pac. 994; Hare Mining & Milling Co. v. Keys, 120 Okla. 217, 251 Pac. 77. All of these cases support the general rule which is announced in the last case above, as follows:

"When the second suit is between the same parties or their privies, and upon the same cause of action as a prior suit, the judgment in the first suit is an adjudication, not only as to every question, issue, and fact which was presented, but also upon those which might have been presented in first suit."

In both the former suit and the instant case all questions of equitable or injunctive relief were eliminated and the only issues presented were for damages. Counsel for plaintiff in error contend that the damages in the instant case accrued prior to the time of the filing of the amended petition in the former suit, and that the plaintiff herein is bound by the foregoing rule and is not entitled to recover herein because said claim was not included in the original action.

Where separate and independent acts of negligence of several corporations in negligently allowing crude oil to escape from their respective leases into a near-by creek combine to produce directly a single injury, all are jointly and severally liable for the wrongdoing, and the injured party may at his option institute action to recover against one or all of those contributing to his injury. Northup v. Eakes, 72 Okla. 66, 178 Pac. 266.

The plaintiff, Sipe, therefore, under the evidence in the former case, was entitled to recover against any one or all of the defendants for the damage he suffered by reason of the pollution of Bird's Nest creek. The damages, however, complained of in the instant case were due entirely to the negligence of the Comar Oil Company in permiting base sediment, salt water, and refuse oil to escape into Pasture creek, which entered the plaintiff's farm on the opposite side from Bird's Nest creek, and, therefore, this cause of action would not have been proper in the former case, wherein nine other companies were defendants.

Counsel for plaintiff in error contend that, after the damage occurred, by reason of the pollution and overflow of Pasture creek, Sipe should have dismissed his action against all the defendants in the former case and filed a new action against the Comar Oil Company for all damages accruing by reason of both the pollution of Pasture creek and Bird's Nest creek. This might have been done under the rule announced in Northup v. Eakes, supra, and if he had elected so to do and had sued Comar Oil Company alone to recover for the damages resulting from Bird's Nest creek alone, the plea of res judicata would have been good as against a subsequent action as to the damages caused by Pasture creek. In each of such cases, the parties would have been the same. He, however, exercised his option to institute an action against all of those contributing to his injury caused by the pollution and overflow of Bird's Nest creek. and, therefore, the parties in that action were not the same as in the instant case. The parties not being the same and the issues in the instant case not being such as might have been presented in the original action, this case does not come within the rule announced in Hare Mining & Milling Co. v. Keys, supra, and the plea of res judicata is without merit.

Some complaint is also made that the court erred in giving instructions Nos. 8 and

224

9. The jury was told, by instruction No. 8, that if it found that the plaintiff's farm had been injured, outside of the 58 acres destroyed by Bird's Nest creek, by reason of the escape of pollution from defendant's oil lease into Pasture creek, it should find for the plaintiff. Instruction No. 9 fixed the measure of damages in case of recovery for the plaintiff at such sum as the jury found from the evidence to be the difference between the fair market value of the farm "just before the pollution and overflow of said Pasture creek and its fair market value thereafter."

We are of the opinion that said instructions were proper and correct, and, inasmuch as counsel for plaintiff in error do not specifically point out anything to the contrary, we must conclude that the trial court did not err in giving said instructions.

From an examination of the entire record herein, we are of the opinion that the cause was fairly and properly tried and that the evidence fairly supports the verdict of the jury and the judgment of the trial court, and the same is, therefore, affirmed.

BRANSON, C. J., and HARRISON, LESTER, HUNT, and CLARK, JJ., concur.