## MAGNOLIA PETROLEUM CO. et al. v. DEXTER.

No. 25922. April 7, 1936.

Rehearing Denied May 26, 1936.

Guy Green and Champion, Champion & Fischl, for plaintiffs in error.

J. B. Moore, for defendant in error.

PER CURIAM. J. R. Dexter, the owner of a tract of land in Jefferson county traversed by certain creeks, brought action against the Magnolia Petroleum Company, the Texas Company, the Skelly Oil Company, the Carter Oil Company, and the Coline Oil Company, for damages alleged to have been caused by the pollution of the land by oil and salt water allowed to escape into the creeks by the defendants. The trial court overruled demurrer to the evidence and motion for directed verdict interposed by the defendants, the jury returned a verdict for plaintiff, the court rendered judgment against all of the

defendants motion for new trial was overruled, and the defendants bring error.

The principal question, and one determinative of the case, relates to the sufficiency of the evidence to show that either of the companies contributed to the pollution. The law is definitely settled in this jurisdiction that all persons who participate in a pollution are jointly and severally liable, although there is no concurrence in action, but it is equally as well settled that a party cannot be held liable unless he contributes to the pollution. Tidal Oil Co. v. Pease, 153 Okla. 137 5 P. (2d) 389; Comar Oil Co. v. Sipe, 133 Okla. 222, 271 P. 1010. In the instant case there was not a word of evidence to show that any polluting material from the lease of any one defendant entered into the stream. As far as the Texas Company and Skelly Oil Company were concerned, they were not even mentioned in the evidence, and yet their demurrers to the evidence and motions for directed verdicts were overruled and judgment rendered against them. As to the other companies, the plaintiff testified that they had wells on section 6, and that the drainage from the section was to the streams that were polluted. Plaintiff said he had been on section 6, but did not fix the time. There is testimony that the streams were polluted. Plaintiff said that there was drainage from this section into the stream, but there is not a word of testimony showing that polluting materials came from any particular lease. There is nothing to show that other companies did not have leases in the section; only the fact that the Magnolia, Carter, Coline, and Roxana had leases there at some unknown time in the past. There is nothing to show that either company polluted the streams.

The record discloses many seeming errors. For instance, the largest element of damages claimed was in the killing and injury of pecan trees. The plaintiff testified that 50 or more trees in a grove of over 1,200 pecan trees, intermingled with many trees of other varieties, were killed and others injured by salt water going on the land in three different floods. Plaintiff's evidence was limited merely to testimony of the dead and injured trees and the floods. We do not believe that this was sufficient. Trees die from many causes and the mere fact that dead trees have been found on land that has been flooded a few times in a period of years does not seem sufficient to justify a jury guess that the flooding caused the death of the trees. That one event follows another is seldom sufficient in itself to show that the first is the cause of the second. While plaintiff testified that there were more than 50 dead pecan trees on the land, many more disinterested witnesses for the defendants testified that they had made a careful examination and found very few dead trees.

The judgment of the lower court is hereby reversed as to each and all the defendants, and the cause dismissed with prejudice as to the Texas company and the Skelly Oil Company, defendants.

The Supreme Court acknowledges the aid of Attorneys Henry M. Gray and Hugh Webster in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gray and approved by Mr. Webster, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.