**INDIAN TERRITORY ILLUMINATING OIL CO. et al. v. HENNING.**

No. 26404.    Feb. 9, 1937.

Rehearing Denied March 23, 1937.

Miley, Hoffman, Williams, France & Johnson and Harry D. Turner, for plaintiffs in error.

Sid White and Jones & Jones, for defendant in error.

PER CURIAM. This action was instituted in the court of common pleas of Oklahoma county by the defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter referred to as defendants, together with other parties not here involved, to recover damages alleged to have been sustained as the result of the pollution of a stream.

Plaintiff in his amended petition al'eged, in substance, that he was the owner of certain lands located adjacent to the North Canadian river, and that he was engaged in growing garden truck thereon, and that in the spring of 1932 he had planted said land to such crops, and that the defendants were the owners and operators of producing oil and gas wells located upstream from the plaintiff's premises and in the drainage basin of the North Canadian river, and that they permitted oil, salt water, and refuse from said wells to flow over the lands in said drainage basin in violation of section 11580, O. S. 1931, and on or about the 1st day of June, 1932 when the plaintiff's crops were practically mature and ready for market, a heavy rainfall washed the oil, salt water, and refuse from the defendants' premises into the North Canadian river, whence it was transported and deposited by the overflow of said river upon the lands of the plaintiff and destroyed his crops to his damage in the sum of $2,500, for which he prayed judgment. Answer of the various defendants consisted of general and specific denials and the further plea that if the plaintiff had sustained any injury, it was due to vis major and not to any acts of the defendants.

The cause was tried to a jury. At the close of plaintiff's evidence the defendants to the action demurred separately thereto. The demurrers of a number of the parties were sustained, but the demurrers interposed by the defendants involved in this appeal were overruled and denied. At the close of all of the evidence each of the defendants moved for a directed verdict in their favor. Their motions were overruled and exceptions were duly saved. The jury returned a verdict in favor of the plaintiff

and assessed the amount of his recovery at $850. The defendants appeal from the judgment rendered on the verdict and the order overruling their motion for new trial. As grounds for reversal the defendants assign 43 specifications of error, which may be summed up in the general proposition that the evidence was wholly insufficient to support a judgment in favor of the plaintiff and against the defendants. Since the defendants properly saved their record so as to have this question reviewed, it is necessary to consider the evidence. An examination of the record reveals that there was abundant proof of the fact that the plaintiff's crop was damaged and destroyed by flood water containing oil, salt water, and refuse deposited upon plaintiff's premises by an overflow of the North Canadian river at the time alleged in the plaintiff's petition. There was also evidence that the defendants, with the exception of Skelly Oil Company and Amerada Petroleum Corporation, were operating producing oil wells in the drainage basin of the North Canadian river, and that said wells were located about ten miles upstream from the land of the plaintiff. However, the record shows that the only evidence which sought to connect the defendants with the pollution of the stream was that of one witness to the effect that some of the pollution was known to come from the Oklahoma City oil field, and of another to the effect that all producing oil and gas wells have more or less oil, salt water, and waste and refuse around them. There was no evidence to show directly or immediately that any oil, salt water, waste or refuse had been permitted to escape from the wells and premises of the defendants or either of them. The most that can be said of the plaintiff's evidence in this respect is that it establishes the possibility that some of the pollution might have come from the wells of the defendants. This was insufficient to charge the defendants with liability. As said in Magnolia Pet. Co. v. Dexter, 177 Okla. 153, 57 P. (2d) 1155:

"Where there are several oil leases on a section of land that drains into a stream, and the stream is polluted, no lessee can be held liable without showing that polluting materials from its lease went into the stream."

The plaintiff charged the defendants with the violation of section 11580, O. S. 1931. Proof of such violation would establish negligence per se and hold the defendants liable for any damage resulting. As pointed out in Texas Co. v. Mosshamer, 175 Okla. 202, 51 P. (2d) 757, 758:

"Since the adoption of the Revised Laws of 1910, this statute has been treated as a penal statute and also as a remedy for the benefit of all persons who may suffer injury by violation of its terms. Since the law positively requires that all waste oil and refuse from tanks or wells shall be drained into proper receptacles and be immediately burned or transported from the premises and in no case shall the same or salt water be permitted to flow over the land, it has been repeatedly held that a failure to perform the duty thus enjoined upon the operator of an oil well is negligence per se, and no other negligence need be pleaded or proved. Knupp Oil Corp. et al. v. Lohman, 129 Okla. 288, 264 P. 824; Comanche Drilling Co. v. Shamrock Oil & Gas Co., 122 Okla. 253, 254 P. 20; Owen-Osage Oil & Gas Co. v. Long, 104 Okla. 242, 231 P. 296; Devonian Oil Corp. v. Hurt, 169 Okla. 114, 36 P. (2d) 24."

The violation of the statute is not to be lightly presumed, but must be proved by competent and substantial evidence. This the plaintiff wholly failed to do. Under the record before us it is apparent that the verdict of the jury had to be based upon surmise, conjecture, and speculation, and was without any evidence tending to prove directly or immediately or by permissible inference the essential matters which the jury had to find. Such a verdict will not be permitted to stand. Riddle v. Garner, 175 Okla. 325, 52 P. (2d) 837. Since the cause must be reversed for the error herein pointed out, we deem it unnecessary to discuss the other contentions advanced by the defendants.

Reversed and remanded.

OSBORN, C. J., and BUSBY, PHELPS, CORN, and HURST, JJ., concur.