ATLANTIC REFINING CO. et al. v. PACK.

No. 31794. April 23, 1947.

*180 P. 2d 840.*

Anglin, Stevenson & Huser, of Holdenville, and Saunders & Van Wagner, of Shawnee, for plaintiffs in error.

Reily & Reily, of Shawnee, for defendant in error.

GIBSON, J. The parties to this appeal will be referred to as they appeared

in the trial court, wherein plaintiffs in error were defendants and defendant in error was plaintiff.

Plaintiff's action was for damage to land and loss of livestock resulting from pollution of streams flowing through his premises. Several errors are alleged for reversal of trial court's judgment, one being misjoinder of actions. Having concluded that the judgment must be reversed by reason of such misjoinder, we deem it unnecessary to consider the other assignments of error.

Plaintiff is the owner of the southwest quarter of section 27 and contiguous lands in section 34 which are used as a unit for stock grazing. He also owns the north half of the northeast quarter of section 33. The northeast corner of the land in section 33 abuts the southwest corner of the land in section 27 but is separated therefrom by north-south highway on the section line and is occupied by a tenant under lease from the plaintiff.

Traversing the northwest corner of the land in section 27 in a southwesterly direction is a stream known as East creek. Said creek thereafter flows through the southeast quarter of section 28, land not owned by plaintiff, on to and through plaintiff's said land in section 33 in a southerly direction and east of the center thereof.

Also traversing the land in section 33 is another creek known as Shawnee Bear creek which carries drainage from a different area than that of East creek. Shawnee Bear creek passes through said land in a southerly direction west of the center thereof and effects a union with East creek after leaving plaintiff's land.

In his amended petition plaintiff alleges a single cause of action for damage to all of said lands by reason of the pollution of said streams and the loss of livestock resulting from drinking the water thereof and alleges that each of defendants polluted said streams and that they are jointly and severally liable for said losses.

In their answer the defendants for special defense severally plead a misjoinder of causes of action and misjoinder of parties defendant. At the trial, upon conclusion of the introduction of evidence, the defendants severally moved the court to dismiss plaintiff's action because of the misjoinder of causes of action and of parties defendant which did not appear on the face of the petition. The motion was overruled, and such ruling becomes the basis of the error complained of.

Under the statute (12 O. S. 1941 § 267) misjoinder of causes of action is made a ground of demurrer where same appears upon the face of the petition. And where not so appearing the objection may be taken by answer. And where not so taken the objection is deemed waived (12 O. S. 1941 § 269).

The evidence fails to disclose that any of the defendants other than the Atlantic Refining Company contributed to the pollution of the waters of East creek when it flowed through plaintiff's land in section 27 and thus negatives any basis for liability of the other defendants for damage to the land suffered therefrom or for loss of the stock which drank solely from the water therefrom.

The evidence fails to disclose that defendant Sinclair Prairie Oil Company contributed to the pollution existing in East creek at the time of its passage through plaintiff's land in section 33.

The evidence fails to disclose that the defendant Atlantic Refining Company contributed to the pollution existing in Shawnee Bear creek at the time of its passage through plaintiff's land in section 33.

As basis for their assignment of error for misjoinder of actions defendants rely upon the following qualification declared in the statute authorizing joinder of actions (12 O. S. 1941 § 265):

"But the causes of action so united must all belong to one of these classes, and must affect all of the parties to the

action, except in actions to enforce mortgages or other liens."

And it is urged that each of the damages: (1) that in section 27, (2) that in the east part of section 33, and (3) that in the west part of section 33, arises out of a different cause of action, and that since the parties liable therefor are not the same in any two of said causes, the misjoinder is clear on authority of Southern Surety Co. v. Patterson Steel Co., 111 Okla. 39, 237 P. 588, where we said:

"1. Courts of law will not take cognizance of distinct and separate claims or liabilities of several persons in one suit though standing in the same relative situation. As a general rule, in order to authorize a joinder, the causes must affect the different defendants in such manner as to create a joint or common liability.

"2. A cause of action in favor of the plaintiff against one defendant cannot be united with another cause of action in favor of the same plaintiff and against another defendant where neither defendant is interested in the cause of action alleged against the other."

As basis for their contention that the pollution of the two streams crossing plaintiff's land in section 33 gave rise to two causes of action, reliance is placed on the holding of this court in Comar Oil Co. v. Sipe, 133 Okla. 222, 271 P. 1010, wherein it is held that damage to a tract of land through pollution of one stream thereon caused by one defendant constituted a separate cause of action from that for damage to same tract from pollution of another stream thereon caused by such defendant and another.

And as controlling the situation existing in the instant case there is cited Delaney et al. v. Morris, 193 Okla. 589, 145 P. 2d 936. Therein two ravines, each carrying pollution from different sources, separately entered the premises of the plaintiff but thereafter joined thereon. The issue there involved was defined by the court:

"The issue before us is whether the pleadings and evidence in this case present a situation wherein there is but a single injury which is not apportionable among the joint tort-feasors, or whether, as suggested by Delaney, presented (1) a single, separable injury by Ark; (2) a single and separable injury by Delaney; and (3) a joint injury by the two."

And the disposition thereof is reflected in the following syllabus:

"Where the separate and independent acts of negligence of tort-feasors produce the following results: (1) a distinct injury and damage clearly attributable to one only; (2) a distinct injury and damage clearly attributable to another alone; and (3) a distinct injury and damage attributable to both as the result of the combining of their acts of negligence at a certain point (as defined in Walters v. Prairie Oil & Gas Co., 85 Okla. 77, 204 P. 906), and the injured party sues all tort-feasors, he must separate the damages suffered, and it is error to refuse to instruct the jury that one of the tort-feasors, whose injury and damage were clearly ascertainable and less than the whole, was not liable for the whole injury and the entire damage."

For response to these contentions it is urged on behalf of plaintiff that the rule announced in Delaney et al. v. Morris, supra, is not applicable and that this case is controlled by Northup et al. v. Eakes et al., 72 Okla. 66, 178 P. 266, wherein we said:

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury each is responsible for the entire result, even though his act or neglect alone might not have caused it."

As a basis for such conclusion it is declared that each of the defendants contributed to the pollution in East creek at the time of its passing through land in section 27 as well as when passing through the land in section 33.

This contention, even if sound, would not dispose of the misjoinder which would still obtain by reason of Atlantic Refining Company not having contrib-

uted to the pollution in Shawnee Bear creek passing through land in section 33, a fact which is not denied. But the contention is not sound and evidently arises from a misconception of the true import of the evidence. We have carefully considered the evidence and find that any contention tnat Sinclair Prairie Oil Company contributed to the pollution in East Creek while on the land in section 27 or section 33, and any contention that either of defendants the Ohio Oil Company and C. W. Sharpe contributed to the pollution in East creek while on the land in section 27, is expressly negatived by the testimony of plaintiff's witnesses.

Though not necessary to a determination of this appeal, the question whether the injury to plaintiff's land in section 27 and that in section 33 gives rise to one or two causes of action against defendant Atlantic Refining Company is disputed and its determination material upon further trial of the issues. For instance, if such cause of action be single and the remaining defendants, other than Sinclair Prairie Oil Company, are joined by reason of their contributing to the pollution in section 33, the holding in Delaney et al. v. Morris, supra, would be material and require a separation of the damage in section 27 from that in section 33. Otherwise not.

The fact that the pollution in the stream chargeable to the Atlantic Refining Company at the time of its entry upon the land in section 33 is the same pollution as that therein when crossing the land in section 27 or that same arose from a single wrongful act, if such were true, is not determinative of the question. The right of action arises not from the wrongful character of the act but the infringement or invasion of a right as the result thereof. Pertinent here is the following analysis which we quote from Pomeroy's Code Remedies (4th Ed.) p. 467, § 350:

"On the other hand, if the facts alleged in the pleading show that the plaintiff is possessed of two or more distinct and separate primary rights, each of which has been evaded, or that the defendant has committed two or more distinct and separate wrongs, it follows inevitably, from the foregoing principle, that the plaintiff has united two or more causes of action, although the remedial rights arising from each, and the corresponding reliefs, may be exactly of the same kind and nature. If two separate and distinct primary rights could be invaded by one and the same wrong, or if the single primary right should be invaded by two distinct and separate legal wrongs, in either case two causes of action would result: a fortiori must this be so when the two primary rights are each broken by a separate and distinct wrong."

The substance of this doctrine was given recognition and applied by this court in Comar Oil Co. v. Sipe, supra, wherein it was held that a judgment against Comar Oil Company and others for pollution of one stream flowing across plaintiff's premises was no bar to a suit against that company for injury to same land by reason of its contemporaneous pollution of another stream thereon. The basis of the holding was that the injuries were distinct. The controlling principle there applied is as fully applicable here and the only material distinction is that here the respective injuries were to separate tracts separately used, thus adding a further reason for holding the injuries distinct.

We conclude that in the present action three separate causes of action are involved, one for damages to land in section 27 and injury to cattle thereon, another for injury to land in section 33 by reason of the pollution of East creek and the other to said land in section 33 by reason of the pollution of Shawnee Bear creek, and that no two thereof are properly joined because they do not affect all parties defendant.

Nothing said in this opinion is to be deemed a determination of any issue of fact bearing upon liability of any defendant in any of said causes of action.

The judgment of the trial court is reversed and the cause remanded for

further proceedings not inconsistent with the views herein expressed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.