STANOLIND OIL & GAS CO. et al.
v. McKINNIS et al.

No. 33675.    Oct. 17, 1950.

Rehearing Denied Nov. 28, 1950.

*224 P. 2d 600.*

France, Johnson, Gordon & Cook, of Oklahoma City, for plaintiff in error Stanolind Oil & Gas Company.

T. Murray Robinson and Leon Shipp both of Oklahoma City, for plaintiff in error Peppers Refining Company.

J. A. Rinehart, of El Reno, and W. Custer Service, of Edmond, for defendants in error.

LUTTRELL, J.   The decisive question presented for determination in this case is whether there was a misjoinder of causes of action. The action was brought by the plaintiffs, Frank McKinnis and Anna E. McKinnis, against the defendants, Peppers Refining Company and Stanolind Oil & Gas Company, to recover damages to the land of plaintiffs claimed to have been occasioned by the acts of defendants in flowing oil, salt water and other deleterious substances upon and across the land of plaintiffs and into a stream which traversed said land. The trial court overruled the demurrers of defendants to the amended petition of plaintiffs, their demurrers to plaintiffs' evidence, and their motions for directed verdict at the close of all the evidence, and submitted the cause to a jury, which returned a verdict against the defendants jointly. Defendants appeal by separate petitions in error.

The essential facts as shown by the record are these: Plaintiffs were the

588

owners of 160 acres of land in Canadian county, located in what is known as the West Edmond Oil Field. Peppers Refining Company had an oil lease upon this land and had drilled two producing oil wells upon the east 80 acres of said land. The most northerly of these wells was a considerable distance south of the north line of the land of plaintiffs, the exact distance not being shown. Apparently it was near the center of the northeast quarter of the 160-acre tract. Adjoining this land on the north was a 160-acre tract held under oil lease by Stanolind Oil & Gas Company, upon which Stanolind had drilled three producing wells. A small creek traversed the land covered by the Stanolind lease, entered the land of plaintiffs at approximately the division point between the east and west eighties thereof, and ran from the northwest to the southeast across the land of plaintiffs. There was also a small gully or ravine originating upon the land covered by the Stanolind lease and running in a southerly direction, entering the creek a short distance below the north line of the east 80 acres of plaintiffs' land. Upon this gully or ravine, a short distance south of the north line of plaintiffs' land, was a spring, which according to the testimony of plaintiffs' witnesses was sufficient to provide water for stock in considerable numbers during dry spells when the water in the creek was low. The amended petition of plaintiffs alleged injuries to their land caused by the defendants permitting salt water and oil to drain from their lands into the creek, and alleged that the damages were occasioned by the concurring acts of both defendants. The amended petition also alleged injury to two acres of wheat land occasioned by a break in the oil pipe line of Peppers Refining Company, which permitted oil to flow upon said land.

The evidence produced by plaintiffs tended to prove that salt water escaped from the Stanolind lease north of their tract and flowed down the creek over and upon the land of plaintiffs; that oil escaped from the Stanolind lease upon one occasion and ran into the creek, and that Stanolind dammed the creek, in an endeavor to recapture the oil, at a point below where the Peppers wells were located on plaintiffs' land, and that the dam caused the water of the creek, which was contaminated by salt water and oil escaping from both the Stanolind and Peppers wells, to back up almost to the north line of plaintiffs' land, filling up the spring above referred to, and injuring the land of plaintiffs and the timber thereon. Plaintiffs' evidence also showed that salt water and oil escaped from the wells of Peppers Refining Company upon its land and flowed across the land into the creek at a point near the Peppers wells, and that upon one occasion an oil pipe line of Peppers Refining Company broke and the oil covered and ruined about one-half acre of land planted in wheat. Plaintiffs admitted that this damage was occasioned entirely by the act of Peppers Refining Company, and was not in any way chargeable to any act of Stanolind, and admitted that all damage to their land and timber north of the spring above mentioned was occasioned entirely by the acts of Stanolind and was not chargeable to Peppers. The only evidence as to the amount of their damages produced by plaintiffs was the testimony of witnesses as to the difference in the value of the entire tract due to the production of oil and gas thereon and the pollution of the stream. There was no attempt made to prove the damages occasioned by the separate acts of the two defendants.

Defendants, when their demurrers to plaintiffs' amended petition were overruled, raised in their separate answers the question of misjoinder of parties and misjoinder of causes of action. Therefore, the defects which did not appear upon the face of the petition were not waived. 12 O.S. 1941 §269.

When their demurrers to plaintiffs' evidence were overruled defendants produced certain evidence in their behalf, and at the conclusion of all the evidence moved the court for a directed verdict on the ground that the evidence established that a portion of the damages were due solely to the acts of Stanolind, for which Peppers could not possibly be held responsible, and that a portion thereof was the acts of Peppers, for which Stanolind could not be held liable, and that therefore there was a misjoinder of causes of action and a misjoinder of parties defendant. These motions should have been sustained, and the failure of the trial courts to sustain them was error.

12 O. S. 1941 §265 sets forth the various causes of action which may be joined or united in the same petition, but states that the causes of action must affect all the parties to the action, except in actions to enforce mortgages or other liens. That the plaintiffs may not unite in their petition a cause of action which affects only one defendant with a cause of action which affects only another defendant, or with one which affects both defendants, is settled by our decisions. Bryan v. Sullivan, 55 Okla. 109, 154 P. 1167; Delaney v. Morris, 193 Okla. 589, 145 P. 2d 936; Comar Oil Co. v. Sipe, 133 Okla. 222, 271 P. 1010; Southern Surety Co. v. Patterson Steel Co., 111 Okla. 39, 237 P. 588. The rule laid down in Northrup v. Eakes, 72 Okla. 66, 178 P. 266, which plaintiffs contend is the applicable rule here, does not apply where different injuries are caused to plaintiffs' land by the separate acts of several parties, although such separate injuries when considered together reduce the value of plaintiffs' land.

In Atlantic Refining Co. v. Pack, 198 Okla. 447, 180 P. 2d 840, we said:

"In order to withstand demurrer for misjoinder of causes of actions the relief sought in each cause must to some extent affect each of defendants in the other."

This rule, in our judgment, applies to the instant case, for while the petition, except in the one instance, alleged that the injuries complained of were the result of the concurring acts of defendants, the evidence established that a portion of the injuries were caused by the separate act of each defendant, and a portion by the concurring acts of both. Where the evidence disclosed this situation the motions for directed verdict made by the defendants should have been sustained, since that was the only manner in which they could raise the question.

While in Delaney v. Morris, supra, it does not appear that the defendants moved for instructed verdicts, but offered requested instructions authorizing the jury to separate the damages, which instructions were by the court refused, and which action we held erroneous, that course could not have been pursued in the instant case, since it was impossible from the evidence to determine to what extent the value of the land had been impaired by the separate acts of each defendant, and what damage had been sustained by reason of the concurring acts of both. Therefore, the trial court erred in overruling the motions for directed verdict and in submitting the cause to the jury.

Reversed, with directions to dismiss the action without prejudice to the right of plaintiffs to file separate actions on their various causes of action.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, HALLEY, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.