Scotty M. WHITE et al. and Johnny C. Crawford, Appellants,

v.

William H. TAYLOR, Appellee.

No. 62217.

Court of Appeals of Oklahoma.

Oct. 21, 1986.

John M. Merritt, Oklahoma City, for appellants.

Donald E. Schroeder, Oklahoma City, for appellee.

PER CURIAM.

Appellant was involved in an accident with Appellee, William H. Taylor in Major County on October 26, 1981. Appellee Taylor is a resident of Major County. However, Appellants filed this negligence action in Garfield County. Appellants claim this suit was correctly brought because on December 2, 1981 Appellant was involved in a different accident with a Garfield County resident in Garfield County. Appellants claim the injuries from the two accidents are indivisible and therefore Appellee Taylor may be joined with the Garfield defendant in Garfield County. Trial court sustained Appellee Taylor's special demurrer stating the action belonged in Major County. Appellants contend the ruling was erroneous.

The applicable venue statute states the "action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned." 12 O.S.1981 § 139. Therefore, the issue in this appeal is whether these causes of action were properly joined.

Our statute allows joinder of causes of action when "... the causes of action so united must all arise out of the same transaction or occurrence or must affect all the parties to the action...." 12 O.S.1981 § 265. *Atlantic Refining Co. v. Pack,* 198 Okl. 447, 180 P.2d 840 (Okl.1947). However, the court may order separate trials of the claims in the furtherance of a just determination of the controversy. 12 O.S. 1981 § 265 and § 323. In objecting to the joinder, Appellee properly filed a special demurrer to the petition. 12 O.S. § 267(5). *State Exchange Bank of Elk City v. National Bank of Commerce of St. Louis, Mo.,* 70 Okl. 234, 174 P. 796 (Okl.1918).

This case turns on the question: Is there a single injury that both defendants' interests are centered upon? *Delaney v. Morris,* 193 Okl. 589, 145 P.2d 936 (Okl.1944). *Southern Surety Co. v. Patterson,* 111 Okl. 39, 237 P. 588 (Okl.1925). *Meshek v. Cordes,* 164 Okl. 40, 22 P.2d 921 (Okl.1933).

Appellants cite several cases for the general proposition that a plaintiff may join tortfeasors who act separately and independently if there is a single injury. *Prairie Oil and Gas Co. v. Laskey,* 173 Okl. 48, 46 P.2d 484 (Okl.1935), *Town of Sentinel v. Boggs,* 177 Okl. 623, 61 P.2d 654 (Okl.1936), and *Phillips Petroleum Co. v. Vandergriff,* 190 Okl. 280, 122 P.2d 1020 (Okl. 1942). However, these cases deal primarily with issues concerning realty, where the injury occurred within one county during the same time period. The injury described in these cases was truly indivisible.

The case *Hulett Lumber Co. v. Bartlett-Collins Co.,* 206 Okl. 93, 241 P.2d 378 (Okl.1952) is a personal injury case which restates the proposition that where separate or independent acts of negligence of several combine to produce a single injury, each is responsible for the entire result.

However, that case arose due to one collision, in one county, at one time.

Appellant also relies on *Radford-Shelton v. Saint Francis Hospital,* 569 P.2d 506 (Okl.Ct. of App.1977). Although this case is a personal injury case concerning "successive tortfeasors" in one suit, it does not address the issue presented here. The issue in that case was whether the original tortfeasor has a right to secure contribution against one who negligently aggravates the initial injury. The present case is further distinguished from that case in that the second act of negligence in the *Radford-Shelton Case* occurred "immediately" after the original accident.

This case is not one in which there was but a single injury. Appellants clearly stated in their petition that the first accident in October caused an injury. There was a separate accident in December. There is not a single injury. The injuries occurred in different places over a month apart. For joinder there must be something more than persons standing in the same relative situations. *Southern Surety Co. v. Patterson,* 111 Okl. 39, 237 P. 588 (Okl.1925).

We agree with the trial court that Appellee Taylor must be allowed to defend in his own county where the accident occurred. The court had the authority under 12 O.S. 1981 § 265 to separate the trials for a just result. Appellant will not be prejudiced from this separation.

JUDGMENT AFFIRMED.