No. 21,312.

JOHN McKENNA and O. H. PILLER, Partners, etc., *Appellees,*
v. JAMES H. MORGAN, *Appellant.*

SYLLABUS BY THE COURT.

1. EXCHANGE OF PROPERTY—*Cross-demands—Statute of Limitations.* In an action to recover for shortage in quantity of land conveyed to plaintiff by defendant, the defendant counterclaimed for shortage in quantity of a stock of merchandise traded to him for his land. *Held,* section 6994 of the General Statutes of 1915 prevents application of the statute of limitations to the cross-demand.

2. FRAUDULENT REPRESENTATIONS — *Payments Made on Contract — No Waiver of Fraud.* The counterclaim was based on a fraudulent representation respecting the quantity of goods. *Held,* the right to recover damages resulting from the fraud was not defeated by making payments and otherwise recognizing the obligation of the contract.

3. SAME—*Representation as to Quantity of Goods—Not Mere Expression of Opinion.* The representation was that the stock of merchan-

McKenna v. Morgan.

dise contained sufficient goods, invoiced at cost, to amount, with certain articles of agreed value, to a certain sum. *Held,* the representation was not a mere expression of opinion as to value.

4. SAME—*Evidence—Issue for Jury.* The evidence in support of the counterclaim examined, and held sufficient to warrant its submission to the jury.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed February 9, 1918. Reversed.

*E. C. Wilcox, Myrtle Youngberg,* both of Anthony, and *H. C. Kirkendall,* of Cherokee, Okla., for the appellant.

*John McKenna,* of Kingman, and *Donald Muir,* of Anthony, for the appellees.

The opinion of the court was delivered by

BURCH J.: The action was one to recover for shortage in quantity of land conveyed to the plaintiffs by the defendant. The defendant counterclaimed for shortage in quantity of a stock of goods traded to him by the plaintiffs as part consideration for conveyance of the land. A demurrer was sustained to the defendant's evidence, and he appeals.

The portion of the answer relating to the counterclaim was to this effect: In the trade the defendant accepted certain property at an agreed value—a warehouse at $5,000, a team and wagon at $300, a hearse at $2,000, and store fixtures at $600. The plaintiffs falsely represented that a stock of merchandise contained sufficient goods, invoiced at cost, to amount, with the articles of agreed value, to $32,000. When an invoice was suggested, the plaintiffs said they would guarantee that the merchandise, together with the other property, would invoice the amount stated. Relying on the representation, the defendant accepted the merchandise, which when invoiced amounted to $16,975. The defendant's evidence tended to support his pleading. In ruling on the demurrer the court did not indicate what it considered the legal defect in the defendant's evidence.

It is suggested by the plaintiffs that the defendant's counterclaim was barred by the statute of limitations, the counterclaim being based on fraud, and the answer having been filed more than two years after the fraud was discovered. Section

6994 of the General Statutes of 1915 prevents application of the statute of limitations to cross-demands of the character here involved.

The plaintiffs suggest that the defendant waived the fraud, and consequently the right to counterclaim for damages, by making payments and otherwise performing on his side after the invoice showing shortage was completed. Cases are cited like that of *Bell v. Keepers,* 39 Kan. 105, 17 Pac. 785, a case of rescission, in which it was said:

"If, after the discovery of fraud in a contract, the party imposed upon, without objection, pays several installments upon it, and sells one of the tracts of land embraced therein, he waives the fraud and affirms the contract." (Syl. ¶ 4.)

What is meant by expressions of this character is that the right to rescind is waived, and the contract is affirmed by performance after discovery of the fraud. One who has been induced to contract to his injury by false representations has two remedies, rescission and damages. In the one case the obligation of the contract is disavowed; in the other the obligation is recognized and accepted, and the party defrauded may perform on his side, and recoup his loss by damages.

It is suggested by the plaintiffs that the representations were not actionable because they amounted to no more than an expression of opinion as to value by a seller dealing with a buyer who was required to be on his guard. The representation pleaded was that, measured by a specific standard, a specific quantity of goods existed. The evidence fairly supported the pleading.

The plaintiffs suggest that the allegation of an agreed value for certain articles was formally denied, and that the agreed value of some of the articles was not mentioned in the testimony. The discrepancy between the represented quantity of goods and the quantity disclosed by invoice was great enough to cover the omitted items several times. It is not likely the court based its decision on this technical failure of proof easily supplied and relating to a matter which, so far as the record discloses, was not seriously contested.

The plaintiffs suggest that the defendant did not rely on the representations, but his testimony was otherwise.

The plaintiffs suggest that the defendant seeks to enforce

against the members of a firm a warranty made by a single partner. The action was one for damages for false representations, but there is no reason why a member of a firm having authority to sell may not bind the firm by a warranty of quantity.

No other basis for the decision of the district court is suggested. No sufficient legal basis is apparent.

The jury disagreed respecting the plaintiffs' claim, and another trial of the issues tendered by the petition is necessary. The judgment of the district court sustaining the demurrer to the defendant's evidence is reversed, and the court is directed to determine at the trial the counterclaim presented by the defendant's answer.