No. 22,965.

THE ATCHISON SAVINGS BANK, *Appellant,* v. J. A. WRIGHT, *Appellee.*

SYLLABUS BY THE COURT.

ACTION ON NOTE—*Defense of Fraudulent Representations—Evidence—Instruction.* In an action where damages were recovered on account of fraudulent representations found to have been made in the sale of bank stock it is held that the evidence was sufficient to support the judgment and that an instruction relative to waiver did not constitute prejudicial error.

Appeal from Logan district court; ISAAC T. PURCELL, judge. Opinion filed February 12, 1921. Affirmed.

*C. A. Spencer,* and *C. Earl Currah,* both of Oakley, for the appellant.

*H. A. Russell,* of Scott City, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Atchison Savings Bank sued J. A. Wright upon a note given by him to it. He defended upon the ground that the note was a renewal of one executed in payment for stock in the Russell Springs State Bank, the sale of which to him had been induced by fraudulent representations as to its value. He recovered damages to the extent of the payments he had made and the plaintiff appeals.

The case has much in common with *Bank v. Potter,* 104 Kan. 373, 179 Pac. 319. The appellant contends that there

was no competent evidence that any of the persons alleged to have made the misrepresentations were agents of the plaintiff. One of them was the then newly appointed cashier of the Russell Springs Bank, who was shown to represent the Atchison bank in matters connected therewith. In the negotiation for the purchase of the bank stock the defendant refused to give a note bearing more than seven per cent interest. He was told that this rate would only be accepted by consent of the president of the Atchison bank, which he was later told had been given, the note being executed accordingly. In a subsequent letter to the defendant the president referred to this feature of the transaction by saying "I made you a rate of 7%." We regard these circumstances, with others, as justifying a finding that the persons making the representations leading to the sale were agents of the plaintiff and were acting for it in the matter.

It is also contended that there was not sufficient evidence that the representations relied upon were actionable or false. The defendant according to his own story was told that the value of the bank stock as it figured was at least $1.09, and that it was actually worth more than that. This involved a statement of fact and not of mere opinion. (*Bushey v. Coffman*, 103 Kan. 209, 173 Pac. 341.) The bank commissioner testified that at the time of the sale the bank was insolvent. The word insolvent may fairly be regarded as having been used in its popular rather than in a technical sense and while this evidence if accepted as true might not conclusively prove the stock to be worth less than par it certainly had a tendency to show that fact. Especially in view of the history of the bank the jury were warranted in finding the representations as to value to have been false.

The defendant made a number of payments on the note. It is urged that having been a director in the bank he must have known of its condition and by making these payments he waived the right to demand damages on account of the fraud. Whether he knew the condition of the bank was a question of fact upon which his being a director was merely evidence. (*Harvester Co. v. Hardware Co.*, 101 Kan. 488, 167 Pac. 1057.) Complaint is made of an instruction to the effect that the payments on the note did not amount to a waiver of the fraud if

when they were made the defendant believed that he was legally liable. It is argued that a mistake as to his legal obligation could not affect his rights—that to be protected he must have still believed the representations originally made to him to be true. It has been held that where a sale has been effected by fraud a payment on a note for the purchase price, although made after its discovery, does not necessarily interpose a bar to a defense on that ground. (*Reger v. Henry,* 48 Okla. 759; *Brustman v. Dunn,* 161 Wis. 306; see, also, *McKenna v. Morgan,* 102 Kan. 478, 170 Pac. 998, and *Van Natta v. Snyder,* 98 Kan. 102, 157 Pac. 432.) However, the technical accuracy of the instruction need not be passed upon here for the jury specifically found that the defendant made such payments relying on the representations of the plaintiff's agents.

The judgment is affirmed.