First Mortgage Loan Co. v. Allwein.

*98 P. 2d 910.*

No. 28707. Jan. 30, 1940.

Everest & Halley, of Oklahoma City, for plaintiff in error.

John L. Gleason and Leo Considine, both of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted in the district court of Oklahoma county on December 21, 1935, by the de-

fendant in error, hereafter referred to as plaintiff, against the plaintiff in error, hereafter referred to as defendant, to enforce a contract for the repurchase of a loan.

The record shows that on October 24, 1929, defendant sold to the plaintiff and her then husband, as joint tenants with right to survivor, certain notes and a real estate mortgage which had been given as security for the indebtedness evidenced by said notes. The terms of said sale were par and accrued interest. In order to induce the plaintiff and her then husband to purchase said loan, the defendant executed a certain contract wherein it obligated itself to repurchase said loan upon demand by the holder in the event certain representations should prove to be untrue. The loan so referred to was one which had been made to Frank D. Carmichael et ux., and which called for the repayment of the sum of $4,000, with interest thereon at the rate of 7½ per cent. per annum from date until maturity, and thereafter at the rate of 10 per cent. per annum until paid. The defendant under its contract undertook to service said loan for plaintiff, and while so doing foreclosed a second lien which it held and took title to the property in the name of one of its employees and leased the premises for oil and gas mining purposes, receiving therefor a substantial bonus. During the latter part of the year 1933, the defendant informed the plaintiff that it would be necessary to foreclose the mortgage which she held, and upon obtaining her consent commenced an action in her name on December 8, 1933, for said purpose. The Atchison, Topeka & Santa Fe Railway Company, named as one of the defendants in said action, appeared and asserted a paramount title to a substantial portion of the premises described in the mortgage. The defendant did not inform the plaintiff of this claim, however, until March 19, 1935. Upon receipt of this information by the plaintiff, she took the matter out of the hands of the defendant and placed it in the hands of attorneys of her own choice. Thereafter, on October 31, 1935, the plaintiff made demand upon the de-

fendant that it repurchase the loan and tendered the notes and mortgage together with a reassignment of the latter instrument. The defendant declined to comply with the demand so made upon it and refused to accept the tender, and this action followed. The defendant by motion and answer urged the necessity of completion of the foreclosure action as a prerequisite to a determination of its liability in the action brought by the plaintiff to enforce the repurchase contract. The plaintiff thereupon proceeded to complete the foreclosure action, wherein it was adjudged that the Atchison, Topeka & Santa Fe Railway Company had a paramount title to a portion of the mortgaged premises. At the sheriff's sale, which was thereafter held, the plaintiff bid the sum of $2,250 for that portion of the property upon which the mortgage had been adjudged to be a valid lien. The plaintiff thereupon tendered to the defendant the property so bid in together with all rights acquired by the judgment. Trial of the cause was had to the court without the intervention of a jury and resulted in a judgment in favor of the plaintiff for the full amount of the loan with the accrued interest thereon, and required that the plaintiff convey to the defendant all of the fruits of the foreclosure action. The defendant appeals from the judgment so rendered and the order which overruled its motion for new trial.

As grounds for reversal of said judgment, the defendant assigns 12 specifications of error which it presents under three propositions. The contentions so made are, in substance, as follows: (1) The completion of the foreclosure action by the plaintiff constituted an election of remedies which precluded it from maintaining the present action. (2) The action was barred by the statute of limitations. (3) An improper measure of damages was applied.

Irrespective of whether the defendant should be held to be estopped by its action and pleadings to claim that the completion of the foreclosure action by the plaintiff constituted an election of rem-

edies, we are of the opinion that it did not. The action was not one for rescission of contract, but one for damages which plaintiff had sustained as a result of failure of defendant to repurchase the loan when demand had been made upon it to do so. The maintenance and completion of the foreclosure action was not inconsistent with the action brought by the plaintiff to enforce the contract. When such is the situation, the doctrine of election of remedies has no application. Electrical Research Products Co. v. Haniotis Bros., 170 Okla. 144, 39 P. 2d 36.

The defendant next contends that the action was barred by the statute of limitations and cites in support thereof Faller v. Davis, 30 Okla. 56, 118 P. 382; Ann. Cases 1913B, 1181; Brady v. Bank of Commerce, 41 Okla. 473, 138 P. 1020; Ann. Cases 1915D, 1019; Joiner v. Ardmore Loan & Trust Co., 33 Okla. 266, 124 P. 1073; Riddle v. Hudson, 68 Okla. 172, 172 P. 921; Herron v. Harbour, 75 Okla. 127, 182 P. 243, 29 A. L. R. 905; Rogers v. Amrey, 123 Okla. 70, 251 P. 1013. The cases thus cited involve situations wherein it is held that covenants of seizin and good right to convey, if broken at all, are broken when made, but have no application to the situation here presented, since this action was not one for breach of covenant of title, but rather one for breach of contract to repurchase a loan. The defendant was under no obligation to repurchase the loan until demand had been made upon it so to do. The plaintiff was entitled to make the demand within a reasonable time after a right so to do had accrued. The record shows that the plaintiff was in no position to make the demand until she was apprised of the facts (which was on March 19, 1935) and that she made the demand on October 31, 1935. City of Guthrie v. Harvey Lumber Co., 9 Okla. 464, 60 P. 247; Kaplan v. Reid Bros., Inc. (Cal. App.) 285 P. 868.

We hold, under the facts and circumstances disclosed by the record, that the action was not barred.

The final contention of the defendant is that the court erred in the application of the measure of damages. Under this contention the defendant urges that its obligation was to repay the $4,000 upon demand, that since demand was not made until October 31, 1935, it should not have been charged with more than said sum with interest thereon at 6 per cent. from said date. The error of the defendant is in the major premises asserted. The agreement of the defendant was to repurchase the loan. This consisted of principal and interest due thereon according to the terms of the instrument. When the plaintiff purchased the loan from the defendant, she was required to pay par and accrued interest thereon in accordance with the terms of the instrument, and we can perceive no sound reason why the defendant should not be required to follow the same procedure when it was called upon to repurchase the loan. We hold that in such a contract there is an implied agreement that the repurchase will be made upon the same terms as the purchase. The trial court applied the correct measure of damages. In the case of Oklahoma Natural Gas Co. v. Douglas, 170 Okla. 284, 39 P. 2d 578, 101 A. L. R. 144, we had a somewhat similar situation and therein sustained substantially the same rule as to the measure of damages. The record presents no reversible error.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.