No. 44,855

Anthony J. Hurtig, d/b/a Hurtig Implement Company, *Appellee,*
v. John Jones, Also Known as John B. Jones, *Appellant.*

(434 P. 2d 1009)

Opinion filed December 9, 1967.

*Roscoe W. Graves,* of Emporia, argued the cause and was on the briefs for the appellant.

*Stanley R. Ausemas,* of Madison, and *James W. Putnam,* of Emporia, argued the cause, and *Richard Mankin,* of Emporia, was with them on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This was an action on a promissory note. Summary judgment was rendered on the pleadings in favor of the plaintiff. The defendant has appealed.

The facts must be gleaned from the pleadings on which the summary judgment was rendered.

On September 14, 1959, the defendant, John Jones, purchased a combine from the plaintiff, Anthony J. Hurtig d/b/a Hurtig Implement Company. On the same date a promissory note was given by the defendant to plaintiff for the balance due on the purchase price. Substantial payments were made on the purchase money note and on December 9, 1960, the defendant gave the plaintiff a renewal note in the amount of $900.00 for the balance due on the original note.

On November 22, 1965, the plaintiff brought an action to recover the balance due on the renewal note with interest.

The defendant answered admitting the note was a renewal of a former note given for the purchase of the combine. He also counterclaimed alleging that the combine was defective; would not combine grain as intended; the defect was known to plaintiff when the sale was made, and the defect was called to plaintiff's attention

the next day after the purchase but he refused to make it work. The defendant claimed to be damaged by plaintiff's fraud and asked for judgment in the sum of $1,321.29 to be offset against the amount plaintiff requested as judgment on the note with interest.

The plaintiff replied raising the statute of limitations and contending the defense was waived by the execution of the renewal note with knowledge of the alleged fraud.

The defendant moved to strike the defenses of the statute of limitations and waiver from the plaintiff's reply, and the plaintiff filed a motion for summary judgment.

The trial court rendered summary judgment on plaintiff's claim of waiver and defendant has appealed.

It will be noted that the appellant, by his answer, admitted liability on the note but sought to counterclaim for damages for fraud in an amount only sufficient to offset his liability under the note.

The appellant contends that a defendant claiming fraud has two alternative defenses in an action against him—he may rescind the obligation on the ground of fraud or he may affirm the obligation and sue for damages resulting from the fraud. He cites *McKenna v. Morgan,* 102 Kan. 478, 170 Pac. 998, as authority for his contention.

We have no quarrel with appellant's statement of the law or the authority cited. However, neither is applicable to the facts in the case before us for determination. In the *McKenna* case the action was based on the original contract or consideration, while in the present case the action was on a renewal note given approximately fifteen months after the alleged misrepresentation or fraud was discovered.

The general rule appears to be that where a party has full knowledge of all defenses to a note and gives a note in renewal thereof, he waives such defenses and is estopped to present the same to defeat the recovery on the renewal note. It has been said that ". . . if at the time the renewal was executed, the parties signing knew of the fraud in the original, they will be regarded as purging the contract of fraud, and cannot then plead it. . . ." (*Calvin v. Sterritt,* 41 Kan. 215, 220, 21 Pac. 103.)

In *Howell v. Flora,* 155 Kan. 640, 127 P. 2d 721, we held in paragraph 5 of the syllabus:

"One who gives a note in renewal of another note, with knowledge at the

time of the failure of consideration for the original note, or of false representations by the payee, or of fraud in the execution of the original note, or if he had knowledge of facts sufficient to put him on inquiry, and by the exercise of ordinary diligence he could have discovered the facts constituting such defense, he waives such defense and is estopped to set the same up to defeat recovery on the renewal note."

We are forced to conclude that the defendant, having executed the renewal note with knowledge of the alleged misrepresentation or fraud, is estopped to raise such issue to defeat recovery on the renewal note.

The judgment is affirmed.

APPROVED BY THE COURT.

FROMME, J., not participating.