Harold L. **UPTEGRAFT** and Barbara
G. Uptegraft,
**Appellees/Cross–Appellants,**

v.

**DOME PETROLEUM CORP., Appellee,**

and

**Atlas Oil, Inc.,**
**Appellant/Cross–Appellee.**

Nos. 59039, 59045.

Supreme Court of Oklahoma.

Nov. 15, 1988.

William R. Burkett, Oklahoma City, for appellee, Dome Petroleum Corp.

Peter T. Van Dyke, Oklahoma City, for appellees/cross-appellants, Uptegrafts.

James W. Shepherd, Oklahoma City, for appellant/cross-appellee, Atlas Oil, Inc.

HARGRAVE, Vice Chief Justice.

Harold and Barbara Uptegraft brought this action against Dome Petroleum Corporation and Atlas Oil, Inc., in the District Court of Oklahoma County. The petition alleged a single cause of action against each defendant. The cause of action against Atlas alleged plaintiffs were induced to give up their rights in two oil wells while uninformed of certain facts concerning established production they allege Atlas was required to disclose to them. The plaintiffs sought rescission of a farmout and lease assignments in addition to an accounting of production, referable to those two wells, called the James and Bross wells.

The second cause of action was brought against Dome Petroleum Corporation. It alleged Dome owed them a duty to fully disclose the production information, and that presenting the lease assignments for execution without full disclosure amounted to fraud for which Dome was liable in damages.

In their answers both defendants made a general denial and alleged the plaintiffs executed the assignments and their adoption of the preceding farmout was made in the face of actual or constructive knowledge of the facts. It is alleged this prior knowledge estops them from rescinding the contracts. Atlas Oil, Inc., filed an amended answer in which it alleges that it assigned part of its interest to others in reliance on plaintiffs' acknowledgement of the farmout and execution of the lease assignment. Atlas alleged those absent parties are necessary parties. As a counter-claim Atlas sought to compel plaintiffs to execute assignments to it of wells drilled after the James and Bross wells.

After a trial to the court the judgment was entered rescinding plaintiffs' execution of the farmout and lease assignments to the James and Bross wells. Judgment was rendered in favor of Dome Petroleum, exonerating it on the fraud claim. Additionally, the judgment required Atlas to account for all production and permitting plaintiffs to participate in all drilling activi-

ty of Atlas in the prospect, including those wells already drilled. Atlas' counter-claim to compel execution of assignments earned after the James and Bross wells was denied.

The factual basis for this lawsuit began with a grant from Ferguson Oil & Gas to the Uptegrafts of a 2% leasehold interest in lands located in Logan County known as the Southeast Cresent Prospect. This instrument also created interests in other parties. Ferguson Oil & Gas sold the remainder of the leasehold to Dome Petroleum. Atlas approached Dome about development of this prospect, and on February 18, 1981 Dome executed a checkerboard farmout to Atlas. It provided that Dome would assign its interest in 80–acre tracts on which wells were completed by Atlas. This instrument represented without warranty that Dome possessed the entire leasehold. Both Atlas and Dome had actual notice of plaintiffs' 2% leasehold interest.

The leases applicable to the agreement had assorted expiration dates. The earliest was April 30, 1981. On March 26, 1981 Atlas completed the James 1—3 on one tract expiring on that early date, and the Bross 1—4 was completed on another such tract on April 18, 1981. Both wells were commercially productive and were completed.

After the two wells were completed Dome (plaintiffs' co-tenant) initiated contact with the Uptegrafts seeking their acquiescence to the farmout. The contact was by letter dated May 18, 1981, and it states:

Dome has recently agreed to a checkerboard Farmout to Atlas Drilling Company. A copy of the Farmout Agreement is enclosed for your review.

Advantages to Dome, and our various partners are, evaluation of production in those units Atlas drills, and protection of leases which would have expired before we could have drilled in this area.

To indicate inclusion of your working interest in the Farmout Agreement please execute two (2) copies of this letter and return them to the undersigned.

Prompt attention will be appreciated due to lease expiration.

Please call if there are any questions or if I can be of assistance. Sincerely, DOME PETROLEUM CORP., s/Joe Powell, Joe Powell, Landman.

This communication is immutably misleading by reason of failure to inform of current production, while stating an advantage of the arrangement is evaluation of the leases by drilling. The leases had already been evaluated by drilling. Further the leases were already perpetuated by production prior to the time the farmout had been mailed to plaintiffs.

Earlier, plaintiffs had participated in a marginal producer in the prospect and thus the farmout did not seem attractive to plaintiffs in the absence of knowledge that, at the time, there were currently two producing wells on the property. Plaintiffs contend they would have participated in those wells and future drilling activities had they possessed this knowledge. The plaintiffs talked to a geologist about the checkerboard farmout arrangement and executed it. During mid-June of that year Dome sent plaintiffs' lease assignments to Atlas for tracts covered by the James and Bross wells. These were executed and returned by the plaintiffs, and corrected assignments were signed and returned in July. Mr. Uptegraft learned later that the wells had been drilled and contacted Atlas requesting them to recognize his interest. Atlas refused and this action ensued. This action was originally assigned to the Court of Appeals. After an opinion was written, both plaintiffs and Atlas presented a writ of certiorari in this Court. Certiorari has previously been granted and the cause is submitted here on the original briefs.

■ The appellant Atlas Oil first argues as reversible error the failure to join as defendants all parties having a recorded interest in the property that would be affected by the judgment. Atlas had assigned 75% of its interest acquired under the farmout to five other entities. These assignments were filed two months prior to the filing of this action. This defense was first raised in the amended answer which

was filed July 28, 1982; the day the trial to the court began. The trial court ruled from the bench that these parties were not necessary and allowed the trial to proceed. Appellant cites only *Stanolind Oil & Gas Co. v. McKinnis*, 203 Okl. 587, 224 P.2d 600 (1950), as authority for this proposition of error. That authority deals with misjoinder of parties (joinder of too many parties) 'and not a defect of parties, as argued here, which is failure to join a necessary party. Under 12 O.S. § 236 (since repealed, Okla.Sess.Laws 1984 c. 164 § 32, effective November 1, 1984), and the supplanting provision, 12 O.S. 1984 Supp. § 2019, these other interest holders are not indispensable parties. The plaintiffs are here seeking to recover their 2% interest in this leasehold from the defendant Atlas. Inasmuch as the record shows that Atlas is still possessed of an interest sufficient to satisfy any judgment recovered by the plaintiffs, it is beyond dispute that the other interest holders are not indispensable parties.

■ Atlas contends that the judgment rescinding the farmout and assignments made pursuant thereto should be reversed because the plaintiffs, having knowledge sufficient to put a prudent man on inquiry, failed to make that inquiry and may not have their contract rescinded on the basis that they were ignorant of the fact to which inquiry should have led. Appellants point to finding of fact number 25, wherein the court determined that plaintiffs had sufficient information to put a reasonable person upon inquiry notice of the existence of the two wells. The finding states this knowledge arises from the terminal date of well commencement listed in the farmout and the lease expiration date, both prior to the time plaintiffs were asked to sign the farmout. Appellant's position is that this information prohibits, as a matter of law, a finding plaintiffs are entitled to rescind for actual or constructive fraud. The Court of Appeals held that failure to disclose the known fact of production amounted to constructive fraud. Citing *Barry v. Orahood*, 191 Okl. 618, 132 P.2d 645 (1943) and *Deardorf v. Rosenbusch*, 201 Okl. 420, 206 P.2d 996 (1949), the Court of Appeals said that

although one may not be under a duty to speak, if he undertakes to do so he must speak the truth and not suppress the facts within his knowledge or materially qualify those stated. The duty to speak arose when the defendant began negotiations; on disclosing in part the pertinent facts, such duty would be breached by withholding other pertinent facts. A duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth. One conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud even though his statement is true as far as it goes, since concealment is in effect a false representation that what is disclosed is the whole truth. Immediately following this language in *Deardorf, supra,* is the following paragraph:

Instead of disclosing the truth of there being production the same was sought to be concealed from the plaintiff by indirectly if not directly creating the belief if it did not exist or confirming as true, if it did exist, plaintiff's belief that the land was non-productive. The holding of the trial court that the deed was obtained by fraud finds full support in the evidence.

■ Appellant insists that it, as co-tenant was not obligated to speak; there was no duty. *Heggem v. Kilpatrick*, 133 Okl. 145, 271 P. 643, 647 (1928), concedes that a fiduciary duty between co-tenants does not exist. However, co-tenants of an estate in land stand in a relation to each other of trust and confidence and neither will be permitted to act in hostility to the other in reference to the joint estate. *Rex Oil Refining, Inc. v. Shirvan*, 443 P.2d 82 (Okl. 1968), *Moore v. Crisp*, 383 P.2d 221 (Okl. 1963). *Ellis v. Williams*, 297 P.2d 916 (Okl.1956). Under such circumstances it is not improper to conclude that once the co-tenant decided to communicate with his co-tenant recommending the execution of the farmout he was duty bound to convey the whole truth.

■ Although a party may keep absolute silence and violate no rule of equity, yet, if he volunteers to speak and to convey infor-

mation which may influence the conduct of the other party, he is bound to disclose the whole truth. *Heggem v. Kilpatrick, supra.* The second court syllabus in *Heggem, supra,* reads as follows:

Where one or two or more cotenants has knowledge of an offer by a third person to purchase the part of the common property owned by his cotenant, though he may be under no obligation to communicate the offer to his cotenant, yet if he volunteers to speak and to convey information concerning such offer, which he knows will, or has reason to believe might, influence the conduct of his cotenant to his injury he is bound to disclose the whole truth.

The appellant contends that the plaintiff had constructive knowledge of the production and having such constructive knowledge, appellant cannot be held to have committed fraud by failing to tell the whole truth in this transaction. *Halsell v. First National Bank*, 48 Okl. 535, 150 P. 489 (1915), held that when a party is sued for deceit, they may not successfully defend on the ground that the defendant corporate director was presumed to have knowledge of the fact. An early Kansas case, *International Harvester Co. v. Franklin County Hardware Co.*, 101 Kan. 488, 167 P. 1057 (1917) succinctly stated: "It is sufficient for present purposes to say that one who has misled another by a fraudulent misrepresentation cannot escape the ordinary consequences of his wrong by showing that, although his victim in fact knew nothing of the matter, knowledge was to be imputed to him on some legal theory". The Court quoting from an early encyclopedia said:

"The policy of the courts, is on the one hand to suppress fraud, and, on the other, not to encourage negligence and inattention to one's own interests. The rule of law is one of policy. Is it better to encourage negligence in the foolish, or fraud in the deceitful? Either course has obvious dangers. But judicial experience exemplifies that the former is the less objectionable, and hampers less the administration of pure justice. The law is not designed to protect the vigilant, or

tolerably vigilant, alone, although it rather favors them, but is intended as a protection to even the foolishly credulous, as against the machinations of the designedly wicked...."

The trial court found that Dome was acting as Atlas' agent in procuring the farmout by sending the letter appearing above to the plaintiffs. At this time Atlas and Dome were plaintiffs' co-tenants. Dome and Atlas both stand in a position of trust and confidence in relation to the plaintiffs, and thus both were under a duty to convey the whole truth as discussed. Under 15 O.S. 1981 § 59, these facts established the requisites of constructive fraud. 15 O.S. 1981 § 59 provides:

Constructive fraud consists:

1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him, or,

.   .   .   .   .

Dome is principally liable for its constructive fraudulent failure to fully disclose the facts to its co-tenant, the Uptegrafts, and also liable as an agent of Atlas. Accordingly, the judgment of the trial court in favor of defendant Dome is reversed with directions to grant judgment to plaintiff against Dome. The cause must be remanded for determination of damages in accordance with the stipulation of proof of damages found in the record.

■■■ Under the facts of this case both Atlas and Dome are liable to the plaintiffs by reason of their constructively-fraudulent acts. The argument has been made that the plaintiffs may not obtain judgment against both Atlas and Dome—that plaintiffs should be constrained by the doctrine of election of remedies to pursuing one defendant or the other. The defendants, Atlas and Dome, are joint wrongdoers, and plaintiffs sought a judgment against both. Election of remedies is discussed in *Sisler v. Jackson*, 460 P.2d 903 (Okl.1969). There this Court said the doctrine precludes a plaintiff from maintaining an action for

two inconsistent remedies, and recognized this doctrine presupposes a right to elect between inconsistent remedies. The doctrine applies where there exists more than one remedy at the time of election which are inconsistent and repugnant. The rule is based upon the theory that pursuit of one inconsistent remedy involves negation of others. The Court also stated the rule has no application where the remedies are merely concurrent or cumulative. To make the action inconsistent one action must allege what the other denies, or the allegations must necessarily repudiate the others. Where the remedies are alternate or concurrent there is no bar until satisfaction of the judgment has been obtained. The plaintiff may pursue concurrent remedies at the same time until there is satisfaction of the judgment. The principle of election of remedies has no application where the remedies are concurrent or where remedies which may be asserted against different parties are not inconsistent. *Weiss v. Salvation Army,* 556 P.2d 598 (Okl.1976), *First National Bank of McAlester v. Mann,* 410 P.2d 74 (Okl.1966), *First Mortg. Loan Co. v. Allwein,* 186 Okl. 491, 98 P.2d 910 (1940), *Electrical Research Products v. Haniotis Bros.,* 170 Okl. 144, 39 P.2d 36 (1934). Under the applicable authority, the plaintiffs are entitled to a judgment against both Atlas and Dome, although they must pursue satisfaction of only one.

COURT OF APPEALS OPINION VACATED. TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

DOOLIN, C.J., and LAVENDER, OPALA, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in judgment.

HODGES and SIMMS, JJ., dissent.