Jessica Marguerite WOODS, a minor child By and Through her mother and next friend, Katy WOODS, Appellant,

v.

BAPTIST MEDICAL CENTER OF OKLAHOMA, INC., Appellee,

and

Matthew David Brewster and Thomas Flescher III, M.D., Defendants.

No. 82022.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 24, 1995.

———

D. Hays Foster, Oklahoma City, for appellant.

Robert T. Luttrell, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Appellant, Jessica Marguerite Woods (Woods), through her mother Katy Woods, seeks review of the trial court's order which approved the settlement of her claims and rendered judgment against Defendant, Matthew David Brewster (Tortfeasor), for injuries Woods sustained in a car accident while a passenger in Tortfeasor's car. Tortfeasor's insurance company, State Farm Mutual Automobile Insurance Company (Insurer), intervened in this action and as found by the trial court, tendered its policy limit of $20,000.00. Appellee, Baptist Medical Center of Oklahoma, Inc. (Hospital), rendered services to Woods for the injuries she sustained in the accident which totalled $49,629.29. The trial court's order provided Hospital's lien filed pursuant to 42 O.S.1991, § 43, was valid and took priority over Defendant's, Thomas Flescher III, M.D., physician's lien. Hospital was awarded all of the insurance proceeds, less an amount deducted for Woods' attorney fee. Woods appeals.

Tortfeasor was covered by an insurance policy with Insurer for $10,000.00 in liability and $10,000.00 in uninsured motorist (UM) coverage. As a passenger in Tortfeasor's car, Woods was entitled to proceed against the UM coverage. On appeal, Woods preserves three propositions of error for review:

1. Whether a hospital lien arising under the provisions of 42 O.S.1991, § 43 may attach to uninsured motorist proceeds;

2. Whether the hospital lien only attaches to the claim of a minor's parent; and

3. Whether Hospital abandoned its lien because of the doctrine of election of remedies.

42 O.S.1991, § 43 (emphasis added) provides:

*Every hospital* in the State of Oklahoma, which shall furnish emergency medical or other service to any patient injured by reason of an accident not covered by the Workers' Compensation Act, *shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien upon that part going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient,* or by his heirs, personal representatives or next of kin in the case of his death, whether by judgment or by settlement or compromise to the amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance of such patient in such hospital up to the date of payment of such damages; Provided, however, that this lien shall be inferior to any lien or claim of any attorney or attorneys for handling the claim on behalf of such patient, his heirs or personal representatives; provided further, that the lien herein set forth shall not be applied or considered valid against any claim for amounts due under the Workers' Compensation Act in this state.

 On appeal, Woods does not contest Hospital's lien against the proceeds from the liability coverage, Woods just maintains the uninsured motorist proceeds may not be recovered.[1] There is no basis for a hospital lien in absence of a statute providing for one. *Vinzant v. Hillcrest Medical Center,* 609 P.2d 1274 (Okla.1980). Where the language of a statute is plain and unambiguous and the

---

1. Two earlier decisions, one from this Court and one from the Supreme Court, reflect hospital lien recovery from a tortfeasor's insurance company. *Hillcrest Medical Center v. Fleming,* 643 P.2d 868 (Okla.App.1982); *Vinzant v. Hillcrest Medical* *Center,* 609 P.2d 1274 (Okla.1980). Neither of these cases, however, indicate whether part of the insurance proceeds recovered included uninsured motorist proceeds.

meaning clear and unmistakable, there is no room for construction and no justification exists for interpretative devices to fabricate a different meaning. *Anson Corporation v. Hill,* 841 P.2d 583, 585 (Okla.1992).

"The purpose of an uninsured motorist provision in an insurance contract is to protect the insured from the effects of personal injury resulting from an accident with another motorist who carries no insurance or is underinsured." *Uptegraft v. Home Insurance Company,* 662 P.2d 681, 683–684 (Okla. 1983). Woods correctly points out that the right to recover under UM coverage is based in the insured's right in contract, rather than in tort. *Bill Hodges Truck Co., Inc. v. Humphrey,* 704 P.2d 94, 96 (Okla.App.1984). It is a contract by which a person may protect himself against the "vagaries of life", similar to collision, comprehensive, medical payments or personal injury protection. *Id.*

This Court has previously held, in an unpublished and nonprecedential decision, that the hospital lien created in 42 O.S.1991, § 43 does attach to any funds recovered by the patient from uninsured motorist coverage. *Hillcrest Medical Center, Inc. v. Webber,* # 57, 169 (Okla.App.1983).[2] See also *Dade County v. Pavon,* 266 So.2d 94 (Fla. Dist. coa 1972). The reasoning in *Hillcrest Medical Center, Inc.* is sound. The hospital lien statute provides the lien will attach to "that part going or belonging to such patient of *any recovery* or sum had or collected or to be collected by such patient". There is no language in the statute to indicate the Legislature intended to exclude any fund source other than Workers' Compensation.[3] The trial court correctly determined the UM proceeds payable to Woods were subject to Hospital's lien.

Woods next maintains Hospital's lien should only attach to a portion of the proceeds recovered by Woods because Hospital is subrogated to any claim Woods' parents may have against the tortfeasor. Woods requests this Court to allocate the proceeds between the parents of Woods and Woods and only allow the lien to attach to Woods' claim. The statute creating the hospital lien provides that it shall attach to "that part going or belonging to such *patient*". Hospital's lien directly attaches to proceeds received by the patient, in this case, Woods. We find no authority for apportionment as Woods suggests.

Finally, Woods argues Hospital is precluded from foreclosing this lien because it had elected its remedy by suing Woods' parents in a separate district court action. Apparently, Hospital had sued Woods' parents and obtained a judgment for the full amount of the services rendered but had not been able to obtain satisfaction of the debt. The doctrine of election of remedies precludes a plaintiff from maintaining an action for two inconsistent remedies. *Uptegraft v. Dome Petroleum Corp.,* 764 P.2d 1350 (Okla. 1988). It applies where there exists more than one remedy at the time of election which are inconsistent and repugnant. *Id.,* at 1355. To make the action "inconsistent" one action must allege what the other denies or the allegations must necessarily repudiate the others. *Id.* This doctrine does not apply where remedies are concurrent or cumulative, unless satisfaction of the judgment has been obtained. Hospital may pursue all possible avenues of recovery until its judgment is satisfied. This action to foreclose Hospital's lien was not precluded by its earlier unsatisfied judgment against the parents of Woods.

The decision of the trial court is AFFIRMED.

CARL B. JONES and JOPLIN, JJ., concur.

---

**2.** This case was cited in Annot., 16 A.L.R.5th 262 (1993), a compilation of various states' hospital lien statutes and the decisions thereunder.

**3.** We note also that the physician's lien statute created in 1985 at 42 O.S.1991, § 46, specifically provides that a physician's lien will attach to any monies recovered by an injured person from his or her insurer. *Balfour v. Jacobs,* 867 P.2d 1364 (Okla.App.1993). We know of no reason why a physician's lien should attach to UM proceeds and a hospital's lien should not.